IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT ALLEN** | : | CIVIL ACTION |
| v. | : | |
| **ROBERT W. MEYERS, ET AL.** | : | NO. 99-00984 |

**OPINION**

**Perez, J.**                                                                                                    **December 13, 2024**

Petitioner, Robert Allen, a prisoner in state custody serving a life term for second-degree murder, has filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6). Mr. Allen brings this action seeking to reopen his previously denied 1999 petition for a writ of habeas corpus in light of the Third Circuit's decision in *Washington v. Sec'y PA Dep't of Corr.*, 801 F.3d 160 (3d Cir. 2017). Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this Court's disposition. For the following reasons, this Court will deny Mr. Allen's motion.

I.      **FACTUAL BACKGROUND**[1]

On February 14, 1993, 18-year-old Robert Allen along with his brother, 16-year-old Jamal Allen approached Dr. Yeong Ho Yu to steal his car. When Dr. Yu refused to turn the car keys over to the pair, a struggle ensued, and Jamal Allen fatally shot Dr. Yu. Both Robert and Jamal Allen fled the scene of the murder in Dr. Yu's car, where his 5-month-old infant was still inside. The pair dropped the infant off unharmed nearby and fled to Cape May County, New Jersey.

---

[1] This recitation of facts is based on the Pennsylvania Superior Court's finding of facts set forth in its December 20, 1995 opinion affirming Mr. Allen's conviction. *Commonwealth v. Allen*, 674 A.2d 310 (Pa. Super. 1995) (unpublished memorandum).

On October 19, 1994, Mr. Allen was convicted of second-degree murder, robbery, kidnapping, and recklessly endangering another person by a jury in the Court of Common Pleas of Philadelphia. He was acquitted of the conspiracy charge and sentenced to a mandatory life sentence on the murder conviction.

## II.     PROCEDURAL HISTORY

Following his conviction, Mr. Allen filed a direct appeal with the Pennsylvania Superior Court. In December 1995, the Superior Court of Pennsylvania affirmed Petitioner's judgment. *Commonwealth v. Allen*, 674 A.2d 310 (Pa. Super. 1995) (unpublished memorandum). Mr. Allen did not seek discretionary review with the Pennsylvania Supreme Court, and his conviction became final thirty (30) days later as a result, on January 19, 1996. On July 8, 1996, Petitioner filed his first *pro se* petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq*. Counsel was appointed, but later filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc), and a petition to withdraw as counsel. By order entered on June 19, 1997, the PCRA court dismissed Mr. Allen's petition and allowed counsel to withdraw. Thereafter, Mr. Allen appealed to the Pennsylvania Superior Court, which affirmed the lower court's ruling, and then to the Pennsylvania Supreme Court, which denied his petition for review. *Commonwealth v. Allen*, 724 A.2d 950 (Pa. Super. 1998), *appeal denied*, 734 A.3d 392 (Pa. 1998).

On February 25, 1999, Mr. Allen filed a *pro se* petition for writ of habeas corpus in this Court. On June 30, 1999, this Court issued a Report and Recommendation concluding that Petitioner's claims were procedurally defaulted due to his failure to raise them in a petition seeking *allocator* in the Pennsylvania Supreme Court, thereby precluding federal habeas review. (ECF No. 12.) On August 30, 2000, the Third Circuit denied Petitioner's request for a certificate of appealability, and

the United States Supreme Court denied Petitioner's request for a writ of certiorari on November 13, 2001. Since then, Petitioner has filed three Motions for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) in 2006, 2007, and 2012, all of which were denied as untimely and otherwise without merit. *See Allen v. Walsh*, No. 06-4299 (ECF No. 33.) Petitioner now moves to reopen his 1999 habeas petition pursuant to Fed. R. Civ. P. 60(b)(6).

### III.   STANDARD OF REVIEW

Rule 60(b)(6) is intended as a catch-all provision to allow movants to seek relief in the form of reopening a final judgement for "any reason other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). Relief from a judgement under Rule 60(b)(6) is regarded as "extraordinary relief" and is only to be granted "upon a showing of exceptional circumstances." *Coltec Indus. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). All motions made under Rule 60(b) must be made within a reasonable time of the entry of the order or judgment. Fed. R. Civ. P. 60(c)(1). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of a case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby,* 545 U.S. 524, 526 (2006).

### IV.   PETITIONER'S MOTION IS UNTIMELY PURSUANT TO FED. R. CIV P. 60(b)(6)(1)

In considering this motion, this Court must weigh "*the diligence of the movant*, the probable merit of the movant's underlying claims, the opposing party's reliance interests in the finality of the judgment, and other equitable considerations." *Id.* at 540 (emphasis added). A successful grant of Rule 60(b)(6) relief is rare, particularly in the habeas context and there is a well-established presumption towards preserving the finality of judgements. *Id.*

While there is no explicit time limitation articulated in Rule 60(b)(6) for this circumstance, "[a] motion under Rule 60(b)(6) must be made within a reasonable time." Fed. R. Civ. P.

60(b)(6)(1). Reasonableness has been determined on a case-by-case basis. Where Petitioners seek relief under Rule 60(b)(6) asserting a material change in the law, this Court has considered how much time has passed between the decision and the seeking of relief. *Cox*, 757 F.3d at 116.

Mr. Allen brings the present motion more than twenty years after his denial of his 1999 habeas corpus petition judgment from which he is seeking relief. While there exists no bright-line time bar for seeking relief under Rule 60(b)(6), twenty-three years after the judgement is vastly outside of what the Third Circuit has previously deemed as reasonable. *See Moolenaar v. Gov't of V.I.*, 822 F.2d 1342 (3d Cir. 1987) (finding that a Rule 60(b)(6) motion was untimely when filed less than two years after the judgment). "A motion under Rule 60(b)(6) filed more than a year after final judgement is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007).

Mr. Allen cites a line of cases that he argues have modified the rule articulated in *Bruton v. United States* so substantially that they constitute a material change in decisional law warranting a grant of relief. 391 U.S. 123 (1968) (finding that even where limiting instructions were given to a jury, the introduction of a non-testifying codefendant's out-of-court confession at a defendant's criminal trial violated the defendant's Sixth Amendment right to confront witnesses against him). Mr. Allen relies primarily on *Washington v. Secretary Pennsylvania Department of Corrections,* 801 F.3d 160 (3rd Cir. 2017), which was decided five years prior to Mr. Allen requesting relief under Rule 60(b)(6) on these grounds. Mr. Allen's failure to initiate the instant action earlier reflects a lack of diligence that Rule 60(b)(6) does not protect.

V. ***SAMIA V. UNITED STATES* MOOTS THE POTENTIAL MERITS OF MR. ALLEN'S ARGUMENT**

The crux of Mr. Allen's argument is that modifications to *Bruton* warrant the reopening of his 1999 habeas corpus petition. The primary case Mr. Allen relies on, *Washington v. Sec'y PA Dep't of Corr.*, only reiterated and clarified a "change in the law on constitutional grounds" from an earlier case, *Vazquez v. Wilson*, 550 F.3d 270 (3d Cir. 2015). Moreover, even if *Washington* constituted a change in decisional law sufficient to reopen a final judgment, the United States Supreme Court's recent decision in *Samia v. United States*, 143 S. Ct. 2004 (2023), moots this argument. *Samia* held that a non-testifying defendant's confession is admissible if it does not directly inculpate the defendant, coupled with a proper limiting instruction. *Id.* at 2018; *see also Samia v. United States*, 143 S. Ct. at 2025 (noting that, after *Samia*, there is "no need for the formal overruling" of *Bruton*) (Kagan, J., dissenting). To the extent that, at the time of its decision, *Washington* may have constituted a change in controlling law, this Court deems it necessary to adhere to the Supreme Court's subsequent decision in *Samia*. Thus, Mr. Allen's request for relief is moot because extraordinary circumstances do not exist to warrant meaningful consideration.

## VI.    CONCLUSION

A grant of relief under Rule 60(b)(6) has been consistently regarded as both rare and only possible in extraordinary circumstances where relief is sought within a *reasonable* time of the final judgement. The untimeliness of Mr. Allen's motion paired with the lack of changes in any decisional law on the *Bruton* violation leave this Court with no choice but to conclude that Mr. Allen's Rule 60(b)(6) motion should be denied, and his 1999 habeas petition shall not be reopened. An appropriate Order to follow.